# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                      Case No. 06-CR-299

**MANUEL RAMIREZ**
    **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Manuel Ramirez with conspiracy to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1) & (b)(1)(B). Defendant pleaded guilty, and the probation office prepared a pre-sentence report ("PSR"), which set his offense level at 21 (base level 26, U.S.S.G. § 2D1.1(c)(7), minus 2 under the safety valve provision, § 2D1.1(b)(9), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 37-46 months under the sentencing guidelines.

Neither party objected to the PSR, but defendant requested a below-range sentence under 18 U.S.C. § 3553(a). In this memorandum, I set forth the reasons for the sentence imposed.

**I.**

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

**II.**

In the present case, defendant arranged to deliver one kilogram of cocaine to a cooperating informant. Defendant and his supplier, Ochoa, were arrested after they tried to deliver the cocaine to the CI. The evidence demonstrated that defendant was primarily a middle man for Ochoa, with Ochoa agreeing to pay defendant $500 for each customer he found. There was no evidence of weapon possession or violence in connection with the offense.

Defendant's character was otherwise quite positive. He was fifty-eight years old and his only prior record was a 1993 carrying a concealed weapon case, for which he received a fine. He had no criminal history points and received the safety valve reduction in this case. He

2

promptly agreed to cooperate with the government and debriefed, truthfully providing all information he had about the offense and his co-actors.

Defendant was born in Mexico and came to the United States many years ago to help support his family after his father died. He attempted to obtain lawful status on several occasions, without success, even though he married a United Sates citizen. Defendant's wife was retired and received social security disability, and defendant had been unable to work for the past thirteen years due to an injury. It appeared that he committed this offense due to financial pressures. His wife remained supportive and stated that she would return with him to Mexico after he completed his sentence and was deported. Defendant suffered from fairly serious health problems, including high blood pressure and arthritis.

Given defendant's background and the circumstances of the offense, I saw no evidence that defendant was dangerous or, given his age and lack of record, a risk of recidivism. See 18 U.S.C. § 3553(a)(2)(C). The crime was serious but mitigated by defendant's role as a middleman, the financial pressures that led to his involvement, and his limited profit. See § 3553(a)(2)(A). Defendant was destined to be deported upon completion of his sentence, which would represent a serious consequence given the length of time he had been in this country. Given his lack of record, expression of remorse and the fact of removal, I saw no need for a substantial prison term to deter defendant from re-offending. See § 3553(a)(2)(B). While he had health problems, I saw no correctional treatment needs.

The guidelines called for a term of 37-46 months, but in this case that range was greater than necessary. First, defendant's role in the crime was as a go-between, and he profited minimally, receiving a cut for each customer he found. Further, he committed the crime due to financial pressures. He seemed to be an unsophisticated person, illiterate in English and

3

Spanish, and I saw no risk of recidivism. He certainly was not a major dealer. Second, defendant attempted to cooperate with the government, and he provided a truthful statement about his activities and those of his co-defendants. I found his statements helpful in resolving Ochoa's case, which was also before me. I saw this as a sign of positive character development. Third, defendant will be deported when he finishes his sentence, and I advised him that if he were to return to the United States he faced a stiff prison term for unlawful re-entry after deportation for an aggravated felony. There was no need to imprison him for a lengthy term to protect the public, because he will be removed from the country.

Under all of the circumstances, I found a sentence of 18 months sufficient but not greater than necessary. This sentence accounted for the mitigating factors discussed above, while still providing substantial punishment and deterrence in the case of a older, non-violent, first-time drug offender. Because the sentence was based on the particular facts of the case, it did not create unwarranted disparity. See § 3553(a)(6).

**III.**

Therefore, I committed defendant to the custody of the Bureau of Prisons for 18 months. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

4

Case 2:06-cr-00299-LA    Filed 06/14/07    Page 4 of 4    Document 44